# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY LUGENE WALKER, | ) | |
|     Plaintiff, | ) | Civil Action No. 12-282 Erie |
| | ) | |
| v. | ) | Chief Judge Conti |
| | ) | Magistrate Judge Baxter |
| FEDERAL CORRECTIONAL | ) | |
| INSTITUTION MCKEAN, et al, | ) | |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute.

### II.  REPORT

#### A.  Relevant Procedural History

Plaintiff, an inmate incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), filed this *pro se* civil action on November 8, 2012. Named as Defendants in this case are:  FCI-McKean; Bobby L. Meeks, Warden at FCI-McKean ("Meeks"); C. Todd Montgomery, Health Services Administrator at FCI-McKean ("Montgomery"); Eric Asp, a physician's assistant at FCI-McKean ("Asp"); Michael Walt, D.O., Clinical Director at FCI-McKean ("Walt"); and unspecified Defendants identified as "Medical Staff & Doctor."

On April 9, 2013, Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. [ECF No. 12]. Pursuant to this Court's scheduling Order dated April 16, 2013, Plaintiff's response to Defendants' motion was due by May 8, 2013 [ECF No. 14]; however, on April 16, 2013, Plaintiff sent a letter to the Court saying that he hadn't received a copy of Defendants' motion to which he was required to respond [ECF No. 15]. Defendants' counsel then filed a notice with the Court verifying that another copy of Defendants' motion was sent to Plaintiff by certified mail on or about April 17 2013 [ECF No. 16]. After six months passed without a response from Plaintiff, this Court entered a show cause Order dated October 17, 2013, requiring Plaintiff to file a response to Defendants' motion by November 1, 2013, and notifying him that his continued failure to file a response within such time would result in this Court's recommendation that this case be dismissed for failure to prosecute [ECF No. 18]. Despite being given ample time to comply with the Court's Orders, Plaintiff has failed to do so.

### B. Discussion

Under Rule 41(b), a district court may dismiss an action *sua sponte* due to a plaintiff's failure to prosecute the case. See Lopez v. Cousins, 2011 WL 2489897, at *1 (3d Cir. June 23, 2011). In order for a court to determine whether dismissal of a case is appropriate, the Third Circuit has set out a six-factor balancing test which requires consideration of: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

There is no "magic formula" for balancing the so-called *Poulis* factors, and not all of the six factors need to be satisfied in order to warrant dismissal. See <u>Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P.</u>, 405 Fed.Appx 592, 595 (3d Cir. 2010), <u>citing</u> <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992) and <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 221 (3d Cir. 2003). Applying the *Poulis* factors to the present matter, this Court recommends the dismissal of this matter.

During the pendency of any litigation, the parties are under a continuing obligation to comply with deadlines established by the Court. In a case filed *pro se*, this is solely the obligation of the Plaintiff, who bears full responsibility for any failure in the prosecution of his claims. See <u>Briscoe v. Klaus</u>, 538 F.3d 252, 258-59 (3d Cir. 2008) (a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders.). Alternative sanctions, such as monetary penalties, are inappropriate as sanctions against indigent *pro se* parties, such as Plaintiff. See <u>Emerson v. Thiel College</u>, 296 F.3d 184, 191 (3d Cir. 2002).

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir.

2011).

                                                             */s/ Susan Paradise Baxter*
                                                             SUSAN PARADISE BAXTER
                                                             United States Magistrate Judge

Date:    November 6, 2013

cc:      The Honorable Joy Flowers Conti
          Chief United States District Judge